**Barry Melton, Esq. (SBN 104700)**
P.O. Box 116
Petaluma, CA 94953-0116
Telephone: (530) 304-9192
Email: *thefish@counterculture.net*

**Luke Busby, Esq. (Nevada SBN 10319)**
316 California Avenue
Reno, NV 89509
Telephone: (775) 453-0112
Email: *luke@lukeandrewbusbyltd.com*
*Admitted Pro Hac Vice*

**Michael S. Biggs, Esq. (SBN 237640)**
Biggs Law Office APC
319 Lennon Lane
Walnut Creek, CA 94598
Telephone: (925) 933-1300
Email: *michaelbiggs@biggslawoffice-apc.com*

Attorneys for Plaintiffs,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE ESTATE OF LEON SCHMIDT, through CO-ADMINISTRATORS GARY SCHMIDT, an individual, CAROL ADAMS, an individual, AND SHERI FIHN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF AMERICAN CANYON, THE COUNTY OF NAPA, JOSEPH CHERRY, individually, and REBECCA BROCKMAN, individually, and DOES 2-25, inclusive,<br><br>Defendants. | **CASE NO.: 3:25-cv-06731-MMC**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF AMERICAN CANYON'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: February 27, 2026<br>Time: 9:00 a.m.<br>Location: 7<br><br>Judge: HON. MAXINE M. CHESNEY |

<u>**TABLE OF CONTENTS AND TABLE OF AUTHORITIES FOR PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF AMERICAN CANYON'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**</u>

## TABLE OF CONTENTS


| | | Page Number |
|---|---|---|
| | **TABLE OF CONTENTS** | **i.** |
| | **TABLE OF AUTHORITIES** | **ii.** |
| **I.** | **INTRODUCTION** | **1** |
| **II.** | **FACTUAL BACKGROUND** | **1** |
| **III.** | **STANDARD OF REVIEW** | **1** |
| **IV.** | **ARGUMENT** | **2** |
| 1. | Plaintiffs' Have Stated a *Monell* Claim Under 42 U.S.C. § 1983 against the City | **2** |
| 2. | Plaintiffs Have Adequately Pled Their Fourth Amendment Claim | **4** |
| 3. | Plaintiffs Have Adequately Pled Their Takings Claim | **7** |
| 4. | Plaintiffs Have Adequately Pled Their Elder Abuse Claim against the City | **9** |
| 5. | If the Court is inclined to grant the Motion, Plaintiffs request Leave to Amend | **10** |
| **V.** | **CONCLUSION** | **11** |
| | **CERTIFICATE OF SERVICE** | **12** |

## TABLE OF AUTHORITIES

**Page Number**

**Decisions**


| | |
|---|---|
| *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) | **1** |
| *Wyler Summit P'ship v. Turner Broad. Sys.,* 135 F.3d 658, 661 (9th Cir. 1998) | **1** |
| *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) | **1** |
| *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) | **1** |
| *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc*., 333 F.3d 923, 925, 64 F. App'x 60, 61 (9th Cir. 2003) | **2** |
| *Mendoza v. Zirkle Fruit Co*., 301 F.3d 1163, 1174 (9th Cir. 2002) | **2** |
| *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) | **2, 3** |
| *Knick v. Twp. of Scott*, 588 U.S. 180, 189, 139 S. Ct. 2162, 2170 (2019) | **2** |
| *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) | **2** |
| *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989) | **2, 3** |
| *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) | **2** |
| *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) | **2, 3** |
| *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1139 (9th Cir. 2012) | **2** |
| *Richards v. County of San Bernardino*, 39 F.4th 562, 574 (9th Cir. 2022) | **2** |
| *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993) | **3** |
| *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999) | **3** |

*Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 409 (1997) **3**

*Soldal v. Cook County Ill.*, 506 U.S. 56, 63 (1992) **4**

*United States v. Jacobsen,* 466 U.S. 109, 113, 80 L. Ed. 2d 85, 104 S. Ct. 1652 (1984) **4**

*Kisliuk v. City of Fort Bragg*, No. 23-cv-06358-RMI, 2024 U.S. Dist. LEXIS 110904, at *14 (N.D. Cal. June 24, 2024) **4**

*United States v. Ramirez*, 523 U.S. 65, 71, 118 S. Ct. 992, 140 L. Ed. 2d 191 (1998) **4**

*Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017) **5**

*US v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) **5**

*Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) **6**

*Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) **6**

*Scanlon v. Cty. of L.A*., 92 F.4th 781, 805 (9th Cir. 2024) **6**

*Dees v. County of San Diego*, 960 F.3d 1145, 1154 (9th Cir. 2020) **6**

*Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994) **6**

*Blight v. City of Manteca*, 944 F.3d 1061, 1068 (9th Cir. 2019) **7**

*Barajas v. City of Rohnert Park*, 159 F. Supp. 3d 1016, 1038 (N.D. Cal. 2016) **7**

*Eid v. Alaska Airlines, Inc*., 621 F.3d 858, 868 (9th Cir. 2010) **7**

*Howell v. Polk,* 532 F.3d 1025, 1027 (9th Cir. 2008) **7**

*First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 314-315 (1987) **7**

| | |
|---|---|
| *San Diego Gas & Elec. Co. v. San Diego*, 450 U. S. 621, 654, 101 S. Ct. 1287, 67 L. Ed. 2d 551 | **8** |
| *Knick v. Twp. of Scott*, 588 U.S. 180, 181, 139 S. Ct. 2162, 2165 (2019) | **8** |
| *Hills v. Intensive Air, Inc*., No. C 06-03300 JSW, 2007 U.S. Dist. LEXIS 19725, at *5 (N.D. Cal. Feb. 15, 2007) | **9** |
| *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790 (2004) | **10** |
| *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) | **10** |
| *Eldridge v. Block*, 832 F.2d 1132, 9 Fed. R. Serv. 3d 616 (9th Cir. 1987) | **10** |
| *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) | **11** |
| *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) | **11** |


**<u>Statutes and Rules</u>**


| | |
|---|---|
| Rule 12 of Federal Rules of Civil Procedure | **1** |
| 42 U.S.C. § 1983 | **1, 2, 8** |
| FRCP 12(b)(6) | **1, 5** |
| 28 U.S.C. §1367(a) | **1** |
| FRCP 56 | **5** |
| FRCP 56(d)(2) | **5** |
| Federal Rules of Evidence 201 | **5** |
| FRCP 15(a)(2) | **10** |

## I. INTRODUCTION

Plaintiffs, THE ESTATE OF LEON SCHMIDT, through CO-ADMINISTRATORS GARY SCHMIDT and CAROL ADAMS, GARY SCHMIDT, an individual, CAROL ADAMS, an individual, AND SHERI FIHN, an individual (collectively "Plaintiffs"), by and through the undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby respectfully submit this Opposition to Defendants THE CITY OF AMERICAN CANYON ("The City") January 23, 2026 Motion to Dismiss (ECF No. 49).

## II. FACTUAL BACKGROUND

This case arises from the tragic death of Leon Schmidt, an 84-year-old man who died on June 29, 2024, after being wrongfully placed under a conservatorship by Defendants. The Plaintiff's First Amended Complaint [ECF No. 14] makes the following claims against the City subject to the motion: a claim for violation of Schmidt's Fourth Amendment Rights under 42 U.S.C. § 1983; an Elder Abuse claim under the California Welfare and Institutions Code; and a Takings Clause claim under the Fifth Amendment under 42 U.S.C. § 1983.

## III. STANDARD OF REVIEW

When considering a motion to dismiss under FRCP 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys*., 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

28 U.S.C. §1367(a) allows the federal court to exercise supplemental jurisdiction over a plaintiff's claims arising out of state law where such claims form part of the same case or controversy as do the federal questions at issue. Supplemental jurisdiction over a pendent party is constitutional so long as the pendent state law claims are part of the same case or controversy

as the federal claims. *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925, 64 F. App'x 60, 61 (9th Cir. 2003) quoting *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

## IV. ARGUMENT

### 1. Plaintiffs' Have Stated a *Monell* Claim Under 42 U.S.C. § 1983 against the City

The First Amended Complaint plausibly alleges a failure-to-train claim against the City under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The First Amended Complaint alleges that the City violated Schmidt's Fourth Amendment rights under 42 U.S.C. § 1983 (¶¶ 112-117) by conducting warrantless searches of non-cited structures like the barn and garage during the 2022 court-ordered cleanup (¶¶ 58-60), seizing and disposing of personal property including merchandise and heirlooms without authority (¶¶ 59-60, 113(a)-(b)), and using armed law enforcement to restrain Schmidt from accessing or photographing his property (¶¶ 58, 113(c)). The Plaintiffs also make a claim under 42 U.S.C §1983 against the City, but the Monell standard does not apply to this claim as the 5th Amendment's Takings Clause is "self-executing" and applies directly to states as well as local governments. *Knick v. Twp. of Scott,* 588 U.S. 180, 189, 139 S. Ct. 2162, 2170 (2019).[1]

To state a Monell claim, Plaintiffs must allege (1) a constitutional deprivation, (2) a municipal policy or custom, (3) deliberate indifference to constitutional rights, and (4) that the policy was the moving force behind the violation. *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). A failure-to-train claim requires showing that inadequate training reflects a "conscious" choice amounting to deliberate indifference. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989); *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016). The Complaint satisfies these elements, providing sufficient factual allegations to give "fair notice" and plausibly suggest entitlement to relief. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Monell liability for municipalities applies even where a private entity performs a government function. *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1139 (9th Cir. 2012).

[1] "If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—without regard to subsequent state court proceedings. And the property owner may sue the government at that time in federal court for the 'deprivation' of a right 'secured by the Constitution.'"

Municipal liability under *Monell* does not require individual officer liability. *Richards v. County of San Bernardino*, 39 F.4th 562, 574 (9th Cir. 2022).

The First Amended Complaint alleges *Monell* liability against the City of American Canyon under ¶114 of the First Cause of Action (Fourth Amendment violation), asserting that the constitutional violation stemmed from the City's policies, customs, or practices—including aggressive code enforcement without proper warrants or adherence to court order limitations (¶¶47-60), and failure to train employees on Fourth Amendment requirements for administrative searches and seizures (¶114). A "policy" under Monell includes a failure to train that amounts to deliberate indifference. *Canton*, 489 U.S. at 390. The First Amended Complaint's detailed allegations provide "sufficient allegations of underlying facts" to give the City fair notice of the claim. *Starr*, 652 F.3d at 1216; see also *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993) (no heightened pleading standard for Monell claims).

In ¶114 of the First Amended Complaint, the Plaintiffs allege that: "Further, the actions of Defendant THE CITY OF AMERICAN CANYON were approved and ratified by the decision-making authority within the city." A municipality is liable for an isolated constitutional violation if a final policymaker "ratified" a subordinate's actions. *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999). The City's Motion does not address this allegation, which constitutes a separate basis for the imposition of Monell liability.

In ¶117 of the First Amended Complaint, the Plaintiffs further allege that, Defendants' actions were deliberate, reckless, or with callous indifference…", which is supported by the underlying allegations of fact.

The City's argument that Plaintiffs fail to identify a specific policy overlooks this precedent, as the failure to train itself constitutes the actionable policy. *Canton*, 489 U.S. at 390. Deliberate indifference is plausibly alleged through the "obvious" need for training on well-established Fourth Amendment protections. *Id.* at 390; see also *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 409 (1997). Even absent a pattern, single-incident liability applies where the need for training is "so obvious" that failure to act reflects a conscious choice. *Canton*, 489 U.S. at 390. The allegations in the First Amended Complaint go beyond "bare assertions" and provide factual content plausibly suggesting, and actually alleging, deliberate indifference. *Starr,* 652 F.3d at 1216. In addition, the facts as alleged make clear that

the 4th Amendment violation stemmed from the destruction of Schmidt's property that was not subject to the warrants, as further described below.

The Plaintiff acknowledges that the First Amended Complaint does not use the language "moving force." But it is reasonable to infer from the facts alleged in the First Amended Complaint that the City's policy and custom of aggressive code enforcement despite the City's knowledge of Schmidt's diminished capacity (¶114; ¶¶47-60), was the moving force behind the violations, as it directly prompted the City's agents to conduct warrantless interior searches of uncited structures, seize/destroy non-nuisance items like merchandise and heirlooms, and use armed police to restrain Schmidt (¶59) so that he could not object to what was happening to his property in real time.

**2. Plaintiffs Have Adequately Pled Their Fourth Amendment Claim**

The thrust of Plaintiffs' Fourth Amendment claim is that the City of American Canyon, aware of Leon Schmidt's diminished mental capacity as an elderly man (¶62) effectively confiscated his property by seizing and destroying non-nuisance items like new merchandise and family heirlooms during the cleanup from inside structures on his property that were not affected by the fire on his property described in the First Amended Complaint, which led to the death of his brother (¶45).

The Fourth Amendment, by its terms, protects individuals against unreasonable searches and seizures, requiring that such actions be supported by probable cause or other justification. A Fourth Amendment violation occurs when law enforcement officers seize property outside the scope of a search warrant, as such actions constitute an unreasonable search and seizure and explicitly requires that warrants particularly describe the place to be searched and the items to be seized. A "seizure" or property under the Fourth Amendment occurs "where there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County Ill.,* 506 U.S. 56, 63 (1992) quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 80 L. Ed. 2d 85, 104 S. Ct. 1652 (1984). "Excessive or unnecessary destruction of property may violate the Fourth Amendment even where the underlying search was lawful." *Kisliuk v. City of Fort Bragg, No. 23-cv-06358-RMI*, 2024 U.S. Dist. LEXIS 110904, at *14 (N.D. Cal. June 24, 2024) citing *United States v. Ramirez*, 523 U.S. 65, 71, 118 S. Ct. 992, 140 L. Ed. 2d 191 (1998). Further, a seizure lawful at its inception can nevertheless violate the Fourth Amendment if its

manner of execution unreasonably infringes possessory interests. *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017).

The Plaintiffs object to the City's request for judicial notice of Exhibit 1 to the Motion. Under *US v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), when ruling on a Rule 12(b)(6) motion and considering matters presented that are outside of the pleadings and not referenced in the complaint, the court must generally convert the motion to a motion for summary judgment under Rule 56 and give the Plaintiff's the opportunity to respond with matters outside of the pleadings or conduct discovery under Rule 56(d)(2). Although the City cites to Federal Rule of Evidence 201 in its Request in Exhibit 1, that rule relates to the admissibility of adjudicative facts, not whether consideration of materials not included in an Amended Complaint are property considered in the context of a Rule 12(b)(6) motion to dismiss. The City is basing its argument about the scope of the warrant on disputed issues of fact. The Inspection Warrants and Abatement Orders in the City's Request for Judicial Notice in Exhibit 1 to its Motion (Exhibits A-D, Napa Super. Ct. Case No. 22CV000850) authorize abatement solely of specific nuisances listed, but provide no particularity or probable cause for interior searches and confiscation of property within the structures like the barn, garage, and sheds as described in the First Amended Complaint (¶¶59-60).

More broadly, the Warrants authorized the abatement of the following:

> YOU ARE THEREFORE COMMANDED TO ABATE the public nuisance including permanent removal of the nuisance conditions in violation of the City Municipal Code, International Property Maintenance, and Health & Safety Code. All items on Property in violation of City Municipal Code, International Property Maintenance, Health & Safety Code pursuant to this warrant and order may be seized and destroyed.
>
> AND THIS INSPECTION AND ABATEMENT shall be reasonably conducted so as to effect as minimal an intrusion as possible on the normal operations of the Property;

Exhibit 1 to the Motion, ECF 49-1 at 5.

The Warrants in Exhibit 1 to the Motion did not explicitly authorize the seizing/destroying non-nuisance materials stored inside structures on the property, such as new merchandise and family heirlooms (¶¶59). The crux of the Plaintiffs claim is that the warrants

didn't provide the City with broad authority to simply indiscriminately dispose of everything on the property that Leon Schmidt owned, which in essence is what the Plaintiffs allege occurred.

The Plaintiffs do not have the entirety of the record of the proceedings before the Napa County Superior Court related to the Warrant and Abatement Orders in the City's Request for Judicial Notice in Exhibit 1 to its Motion. The Plaintiffs should be allowed to obtain, through the normal discovery process, all of the documents that relate to this matter - specifically, the Affidavit forming the basis for the finding for the Warrants referred to in the Warrant at ECF 49-1 at 4, as well as the underling code violation citations issued to Schmidt that were part of the record. Dismissing Schmidt's claim based only on evidence presented by the City would be improper, as the records presented, even if considered by the Court, do not show that Plaintiffs claims fail as a matter of law or are not curable by amendment. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

The Plaintiffs' 4th Amendment claim also encompasses the unlawful restraint of Schmidt during the clean-up itself, as alleged in ¶58 of the First Amended Complaint: "The Plaintiffs are informed and believe that during those activities they restrained Lee through the utilization of uniformed and armed law enforcement from observing the activities on the Property or taking any pictures of the activities on the Property, and then billed Lee approximately $20,000 for that security." In ¶113(c) of the First Amended Complaint Plaintiffs assert a 4th Amendment claim on this issue asserting that Schmidt was subject to, "an unreasonable seizure of his person without justification." A seizure of a person occurs when a government actor, through physical force or a show of authority, restrains the liberty of an individual in such a way that a reasonable person would not feel free to leave or otherwise terminate the encounter. *Scanlon v. Cty. of L.A.*, 92 F.4th 781, 805 (9th Cir. 2024) quoting *Dees v. County of San Diego*, 960 F.3d 1145, 1154 (9th Cir. 2020).

Even in the context of a search authorized by a warrant, the detention must be carried out in a reasonable manner. *Franklin v. Foxwo*rth, 31 F.3d 873, 876 (9th Cir. 1994). While the Defendants point to ECF 49-1 at 3:17-26 to justify the detention of Schmidt during the search, the language described did not authorize any detention, but rather directed Schmidt not to obstruct or interfere with the execution of the warrant. However, the warrant also included

language that the execution, “shall be reasonably conducted so as to effect as minimal an intrusion as possible on the normal operations of the Property.” *Id.* As explained in *Blight v. City of Manteca*, 944 F.3d 1061, 1068 (9th Cir. 2019), “Old age customarily and traditionally earns a measure of respect from others, but old age cannot be seen to be a "pass" against government investigation when the government has probable cause to believe that an older person's property may yield evidence of crime and when the manner of detention is reasonable under the circumstances.” In other words, temporary detention is typically justified in cases where not detaining a suspect would somehow undermine the purpose of the warrant, i.e., in a narcotics investigation where a suspect may be able to destroy evidence if not detained. That was not the case here. Further, the “reasonableness” of a seizure is generally a question of fact for a jury: *Barajas v. City of Rohnert Park,* 159 F. Supp. 3d 1016, 1038 (N.D. Cal. 2016): "it is generally inappropriate to grant summary judgment on the reasonableness of police conduct[.]" *Eid v. Alaska Airlines, Inc*., 621 F.3d 858, 868 (9th Cir. 2010) (citing *Howell v. Polk*, 532 F.3d 1025, 1027 (9th Cir. 2008) (per curiam) ("[W]e frequently entrust juries with the task of determining the reasonableness of police conduct.")).”

There was no reasonable justification for detaining Schmidt—an 83-year-old man with known diminished mental capacity via uniformed armed law enforcement solely from observing or photographing the 2022 cleanup activities on his own property, as the warrants merely prohibited obstruction or interference without authorizing such restraint or addressing any safety/evidence risk from passive observation from Schmidt. Rather, the warrant required minimal intrusion on property operations, implying that any seizure of Schmidt himself would not be at all within the scope of the warrant – nor justified by the purpose of the warrant, i.e. abatement of an alleged nuisance – not a situation where Schmidt could have hidden some sort of criminal conduct to undermine the purpose of the warrant.

**3. Plaintiffs Have Adequately Pled Their Takings Claim**

The 5th Amendment's takings clause does not forbid taking private property but mandates just compensation if there's an interference with a property interest equating to a taking. See *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 314-315 (1987).

> A property owner acquires a right to compensation immediately upon an uncompensated taking because the taking itself violates the

> Fifth Amendment. See *San Diego Gas & Elec. Co. v. San Diego*, 450 U. S. 621, 654, 101 S. Ct. 1287, 67 L. Ed. 2d 551 (Brennan, J., dissenting). The property owner may, therefore, bring a claim under §1983 for the deprivation of a constitutional right at that time.

*Knick v. Twp. of Scott*, 588 U.S. 180, 181, 139 S. Ct. 2162, 2165 (2019)

The City argues, "Again, there is no allegation to suggest any items were taken that do not fit within the categories of items enumerated by the abatement order." Motion at 8:16. This is incorrect. The First Amended Complaint plainly alleges that the City, through its agents' permanent appropriation and disposal of Schmidt's personal property—including new merchandise and family heirlooms—from uncited interior structures like the barn and garage during the August/September 2022 court-ordered cleanup (¶¶59-60, 151(a)), constituting a physical taking for public use (nuisance abatement) without just compensation, exceeding legitimate police power as no nuisance justified the confiscation (¶151(b)-(c)).

> These agents seized and disposed of Decedent Leon Schmidt's personal property, including new merchandise, treasured family heirlooms, and other items stored within these structures, without legal authority, probable cause, or a warrant, exceeding the permissible scope of any administrative inspection or abatement order.

See First Amended Complaint at ¶113(b).

This taking of Schmidt's personal property outside of the scope of the warrants ripened an immediate §1983 claim, exacerbated by imposing over $200,000 in cleanup costs (including $40,000 legal fees and $20,000 for security) and issuing foreclosure threats despite Schmidt's known diminished capacity (¶48).

Defendant's argument that all seized items fit abatement categories ignores the specific factual allegations in the First Amended Complaint and creates a disputed issue of fact as to what was taken (nuisance items vs. valuable non-nuisance goods) and whether the disposal was justified, which cannot be resolved on a motion to dismiss, especially alongside the uncompensated $200,000+ cleanup lien (including $40,000 legal fees and $20,000 security) and foreclosure threats imposed despite Schmidt's known diminished capacity (¶48).

///

///

**4. Plaintiffs Have Adequately Pled Their Elder Abuse Claim against the City**

The Plaintiffs agree with Defendants that in order to state an Elder Abuse claim, a plaintiff must allege: "facts showing the defendant (1) subjected an elder to statutorily-defined physical abuse, neglect, or financial abuse; and (2) acted with recklessness, malice, oppression, or fraud in the commission of the abuse." (*Hills v. Intensive Air, Inc.,* No. C 06-03300 JSW, 2007 U.S. Dist. LEXIS 19725, at *5 (N.D. Cal. Feb. 15, 2007). However, the conclusion drawn by the City that, "an elder abuse claim premised on neglect requires the Defendant to have had care or custody over the elder." (Motion at 10:8). At the outset of the Plaintiffs' elder abuse claim the Plaintiffs state: "Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though fully set forth herein," incorporating the extensive allegations regarding the City's actions that led to the establishment of the conservatorship over Schmidt.

Although the Plaintiffs acknowledge that the claim as plead in the cause of action focuses on the conduct of Defendants Napa County, Joseph Cherry, and Rebecca Brockmena, read as a whole, the First Amended Complaint alleged facts sufficient to support an elder abuse claim against the City as well. Further, in ¶16 The First Amended Complaint alleges the following:

> Defendant CITY OF AMERICAN CANYON collaborated with Defendant COUNTY OF NAPA in pursuing and implementing the conservatorship over Decedent Leon Schmidt, such that the actions of each entity and its agents were undertaken as part of a joint effort, rendering each Defendant vicariously liable for the acts and omissions of the others as principals and agents in furtherance of their shared objectives related to code enforcement, property abatement, and conservatorship management.

The allegations in the First Amended Complaint support an elder abuse claim against the City of American Canyon by alleging that Schmidt, an elder over 65 (¶127), was subjected to neglect through the City's code enforcement actions despite its knowledge of his diminished mental capacity post-2010 heart attack and 2021 fire (¶¶44-46,48,50-51); the City pursued aggressive cleanup/abatement, restraining Schmidt with armed police from his property and billing him $200,000+ for the cleanup (¶¶58,61), continued citations and foreclosure threats exacerbating his stress, decline, and his living squalor after his home was destroyed by a fire. (¶¶62-63). And, most importantly, that the City collaborated with Napa County to impose the conservatorship to try an recoup the costs of the cleanup out of Schmidt's assets, removing his

financial control and access to resources for food, shelter, clothing, hygiene, and medical care like kidney treatment (¶¶64-66,90-98,129(a)-(c)); these acts amid his acknowledged diminished capacity constituted deliberate indifference contributing to his suffering and death from kidney failure (¶¶99-100,130). Although Defendants argue that Plaintiffs claim was not plead with sufficient particularity as required by *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790 (2004), this argument is inconsistent with the facts presented in the First Amended Complaint as described above, which describe an aggressive code enforcement process against an elderly man with diminished capacity by the City that culminated in the City asking Co-Defendant Napa County to establish a conservatorship over Schmidt to recover the funds spent by City on the cleanup:

> In May and June of 2023 American Canyon had requested that NAPA COUNTY petition for conservatorship over Lee's estate based on their continuing belief that he was not able to make rational decisions for himself and their desire to recover the costs of the cleanup, despite knowing about Lee's diminished mental capacity for well over a year.

First Amended Complaint at ¶64.

Contrary to the City's assertion that, "The City of American Canyon is not alleged to have established a conservatorship over Decedent," (Motion at 10:11) the facts show that the City instigated the establishment of the conservatorship by Napa County to recoup the costs associated with the cleanup – not to help Schmidt despite his known diminished capacity.

**5. If the Court is inclined to grant the Motion, Plaintiffs request Leave to Amend**

Under Rule 15(a)(2), a party may amend its pleading with the opposing party's consent or the court's leave, and, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)). Allowing Plaintiffs to file an amended complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility. While whether to grant Plaintiff leave to amend is discretionary, the Court should apply Rule 15 to facilitate a decision on the merits, rather than on technicalities. *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts should allow amendments to pleadings with extreme liberality. *Eldridge v. Block*, 832 F.2d 1132, 9 Fed. R. Serv. 3d 616 (9th Cir. 1987). According to *Eldridge* the public policy favoring resolution on the merits, "is particularly important in civil rights cases." *Id.* at 1137. Again, "Dismissal with prejudice and without leave

to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

## V. CONCLUSION

For the foregoing reasons, City Defendants' Motion to Dismiss should be denied in its entirety. Plaintiffs have adequately pled all of their claims. If the Court is inclined to grant the Motion, Plaintiffs request leave to amend.

Respectfully submitted,

Dated: February 6, 2026

/s/ *Luke Busby, Esq.*

Luke Busby, Attorney for Plaintiffs
Estate of Leon Schmidt, et al.

Respectfully submitted,

Dated: February 6, 2026

/s/ *Michael S. Biggs, Esq.*

Michael S. Biggs, Attorney for Plaintiffs
Estate of Leon Schmidt, et al.

## CERTIFICATE OF SERVICE

1. Case Name: The Estate of Leon Schmidt, et al. v. City of American Canyon, et al.

2. Case Number: 3:25-cv-06731-MMC

3. Documents Served: Plaintiffs' Opposition to City's Motion to Dismiss Plaintiffs' Complaint

4. How was the Document served: via Electronic Service

5. On whom was the Document served:

| | |
|---|---|
| **Danielle K. Lewis, Esq.**<br>**Caroline E. Rogers, Esq.**<br>HAWKINS PARNELL & YOUNG, LLP<br>33 New Montgomery Street, Suite 800<br>San Francisco, CA 94105<br>E-Mail: dlewis@hpylaw.com<br>E-Mail: crogers@hpylaw.com<br>*Attorneys for Defendant, City of American Canyon* | **William E. Camy, Esq.**<br>Porter Scott<br>2180 Harvard Street, Suite 500<br>Sacramento, CA 95815<br>E-Mail: wcamy@porterscott.com<br>*Attorney for Defendants, County of Napa, Joseph Cherry and Rebecca Brockman* |

6. When was the Document served: February 6, 2026

7. Who served the Documents: Sunny Grechko, Certified Paralegal

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 6, 2026

BIGGS LAW OFFICE

*/s/ Sunny Grechko*

Sunny Grechko, Certified Paralegal
319 Lennon Lane
Walnut Creek, CA 94598